IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **AERO COSMETICS PRODUCTS, LLC,** | § § § | |
| Plaintiff; | § § | **JURY TRIAL DEMANDED** |
| v. | § § § | **CIVIL ACTION NO. 5:25-cv-01127** |
| **CRAIG SCHMITMAN,** | § § § | |
| Defendant. | § | |

## COMPLAINT FOR DECLARATORY JUDGEMENT

Aero Cosmetics Products, LLC, dba Aero Cosmetics ("Aero Cosmetics") brings this action against Defendant, Craig Schmitman, an individual ("Schmitman" or "Defendant"), seeking declaratory judgment relief and in support thereof would show the following:

### I.
### PARTIES

1. Aero Cosmetics is a Texas limited liability company with management, headquarters and manufacturing and distribution operations in San Antonio, Texas.

2. On information and belief, Schmitman is a citizen of, and an individual residing in California.

3. On information and belief, Schmitman may be served with service of process at his last known address of 5337 Surf Rider Way, Oxnard, California 93006, or wherever he may be found.

### II.
### JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. Venue is based upon 28 U.S.C. § 1391(a) in that a substantial part of the

events or circumstances giving rise to the claim in relation to which Aero Cosmetics seeks declaratory judgement occurred, exist or emanate from the Western District of Texas, San Antonio Division.

5. This Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as this is an action involving citizens of different states and a dispute involving alleged damages in excess of $75,000.

### III.
### FACTS

6. Aero Cosmetics previously engaged Schmitman to record a "voice-over" for video productions to be used in promotion of Aero Cosmetics' products.

7. Beginning at least as early as November of 2024, Aero Cosmetics attempted to contact Schmitman about doing more voice-overs for additional promotional videos.

8. In all, Aero Cosmetics emailed or called Schmitman no less than five times, but with no response.

9. An employee of Aero Cosmetics who became aware of the situation, and without Aero Cosmetics' knowledge or consent, used an AI resource to adapt the prior recording of the referenced voice-over to recite updated script language.

10. The AI adaptation was, on information and belief, created during March of 2025.

11. The AI adaptation was not used to promote, market or sell products or services, but rather only as an instructional video for customers who had already purchased one of Aero Cosmetics' products.

12. No revenues or profits are attributable to use of the AI adaptation.

13. Mr. Brian Phillips, founder and CEO of Aero Cosmetics was unaware of the creation or use of the AI adaptation until he was advised of a communication from Schmitman regarding the AI adaptation and his objection to it.

14. Upon notice of Schmitman's objections, Aero Cosmetics immediately began withdrawing all known uses of the subject AI adaptation from social media and website.

15. In response to Schmitman's objections, Aero Cosmetics issued multiple apologies that included both explanations of the circumstance, as well as invitations to discuss further business dealings.

16. Aero Cosmetics also apprised Schmitman of the actions taken in response to Schmitman objections.

17. Reproductions of Aero Cosmetics' email communications to both Schmitman and Schmitman's attorney are attached hereto as **Exhibit A**.

18. Without further communications from Schmitman, on or about 18 July 2025, Aero Cosmetics received a demand letter from a California law firm penned by "Ashkon E. Cyrus", a copy of which is attached hereto as **Exhibit B**.

19. Schmitman's attorney's demand letter was replete with incendiary language, accusing Aero Cosmetics such as "stealing", "scheme", and with a multitude of "!"s.

20. Schmitman's attorney's demand letter (as well as a later-forwarded draft, but unfiled complaint) asserted claims including: (a) Violation of California Civil Code § 3344 (Right of Publicity); (b) Common Law Misappropriation of Name and Likeness; (c) Invasion of Privacy – Appropriation of Identity; (d) Unfair Competition (Cal. Bus. & Prof. Code § 17200, et seq.) and (e) Negligent and Intentional Misrepresentation.

21. Schmitman's attorney's demand letter included a demand of Aero Cosmetics for $275,000.00 in "damages".

22. Schmitman's attorney, as recently as the week prior to this filing, has repeated these allegations and demands.

23. Aero Cosmetics does not, on information and belief, conduct any business activities in California sufficient to effect general or personal jurisdiction in any district or division of California.

24. Aero Cosmetics has not, on information and belief, acted in any manner sufficient to constitute justiciable violation of any statutory or common law right of Schmitman.

25. Aero Cosmetics has not, on information and belief, acted in any manner sufficient to constitute a breach of any contractual duty owed to Schmitman.

26. Aero Cosmetics has, on information and belief, acted within its rights, including without limitation rights established by prior agreements and courses of conduct between Aero Cosmetics and Schmitman.

27. A justiciable controversy exists between Aero Cosmetics and Schmitman with respect to the allegations contained in Schmitman's attorney's demand letter.

28. Aero Cosmetics seeks a decree by this Court with respect to the absence of any breach by Aero Cosmetics of any duty owed to Schmitman or infringement of any rights held or alleged to be held by Schmitman.

29. Aero Cosmetics specifically seeks a decree by this Court with respect to the lack of any violation by Aero Cosmetics' of California Civil Code § 3344 (Right of Publicity), as alleged in Schmitman's attorney's demand letter.

30. Aero Cosmetics specifically seeks a decree by this Court with respect to the lack of any liability on Aero Cosmetics' part for the alleged Common Law Misappropriation of Name and Likeness.

31. Aero Cosmetics specifically seeks a decree by this Court with respect to the lack of any liability on Aero Cosmetics' part for the alleged Invasion of Privacy – Appropriation of Identity.

32. Aero Cosmetics specifically seeks a decree by this Court with respect to the lack of any liability on Aero Cosmetics' part for the alleged violation of Unfair Competition (Cal. Bus. & Prof. Code § 17200, et seq.).

33. Aero Cosmetics specifically seeks a decree by this Court with respect to the lack of any on Aero Cosmetics' part liability for the alleged Negligent and Intentional Misrepresentation.

## IV.
## COUNTS

### *FIRST COUNT* - DECLARATORY JUDGMENT
### OF NO VIOLATION OF VIOLATION OF CALIFORNIA CIVIL CODE § 3344

34. Aero Cosmetics here repeats and incorporates by reference the preceding Paragraphs 1 – 33 as if set forth here verbatim.

35. This count is for declaratory judgment that Aero Cosmetics has not violated any provision the CALIFORNIA CIVIL CODE § 3344 as alleged by Schmitman.

36. In the alternative, this count is for declaratory judgment that Aero Cosmetics has not violated any provision of the CALIFORNIA CIVIL CODE § 3344 for which Schmitman possesses a cause of action, as alleged by Schmitman.

37. In the alternative, this count is for declaratory judgment that Aero Cosmetics has not violated any provision of the CALIFORNIA CIVIL CODE § 3344 for which Schmitman possesses any entitlement to damages or statutory awards, as alleged by Schmitman.

## *SECOND COUNT* - DECLARATORY JUDGMENT
## OF NO COMMON LAW MISAPPROPRIATION OF NAME AND LIKENESS

38. Aero Cosmetics here repeats and incorporates by reference the preceding Paragraphs 1 – 33 as if set forth here verbatim.

39. This count is for declaratory judgment that Aero Cosmetics has not committed any act of Common Law Misappropriation Of Name And Likeness, as alleged by Schmitman.

40. In the alternative, this count is for declaratory judgment that Aero Cosmetics has not committed any act of Common Law Misappropriation Of Name And Likeness for which Schmitman possesses a cause of action, as asserted by Schmitman.

41. In the alternative, this count is for declaratory judgment that Aero Cosmetics has not committed any act of Common Law Misappropriation Of Name And Likeness for which Schmitman possesses any entitlement to damages or statutory awards, as asserted by Schmitman.

## *THIRD COUNT* - DECLARATORY JUDGMENT
## OF NO INVASION OF PRIVACY – APPROPRIATION OF IDENTITY

42. Aero Cosmetics here repeats and incorporates by reference the preceding Paragraphs 1 – 33 as if set forth here verbatim.

43. This count is for declaratory judgment that Aero Cosmetics has not committed any act of Invasion of Privacy – Appropriation Of Identity, as alleged by Schmitman.

44. In the alternative, this count is for declaratory judgment that Aero Cosmetics has not committed any act of Invasion Of Privacy – Appropriation of Identity, as asserted by Schmitman.

45.     In the alternative, this count is for declaratory judgment that Aero Cosmetics has not committed any act of Invasion of Privacy – Appropriation Of Identity for which Schmitman possesses any entitlement to damages or statutory awards, as asserted by Schmitman.

### FOURTH COUNT - DECLARATORY JUDGMENT
### OF NO UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200, ET SEQ.)

46.     Aero Cosmetics here repeats and incorporates by reference the preceding Paragraphs 1 – 33 as if set forth here verbatim.

47.     This count is for declaratory judgment that Aero Cosmetics has not committed any act in violation of CAL. BUS. & PROF. CODE § 17200, ET SEQ. as alleged by Schmitman.

48.     In the alternative, this count is for declaratory judgment that Aero Cosmetics has not committed any act in violation of CAL. BUS. & PROF. CODE § 17200, ET SEQ. for which Schmitman possesses a cause of action, as asserted by Schmitman.

49.     In the alternative, this count is for declaratory judgment that Aero Cosmetics has not committed any act in violation of CAL. BUS. & PROF. CODE § 17200, ET SEQ. for which Schmitman possesses any entitlement to damages or statutory awards, as asserted by Schmitman.

### FIFTH COUNT - DECLARATORY JUDGMENT
### OF NO NEGLIGENT AND INTENTIONAL MISREPRESENTATION

50.     Aero Cosmetics here repeats and incorporates by reference the preceding Paragraphs 1 – 33 as if set forth here verbatim.

51.     This count is for declaratory judgment that Aero Cosmetics has not committed any act of Negligent And Intentional Misrepresentation, as alleged by Schmitman.

52.     In the alternative, this count is for declaratory judgment that Aero Cosmetics has not committed any act of Negligent And Intentional Misrepresentation for which Schmitman possesses a cause of action against Aero Cosmetics, as asserted by Schmitman.

53. In the alternative, this count is for declaratory judgment that Aero Cosmetics has not committed any act of Negligent And Intentional Misrepresentation for which Schmitman possesses any entitlement to damages or statutory awards, as asserted by Schmitman.

### *SIXTH COUNT* - DECLARATORY JUDGMENT
### OF NO TORTIOUS ACT, CONTRACTUAL BREACH OR STATUTORY VIOLATION

54. Aero Cosmetics here repeats and incorporates by reference the preceding Paragraphs 1 – 33 as if set forth here verbatim.

55. This count is for declaratory judgment that Aero Cosmetics has committed no Tortious Act, Contractual Breach Or Statutory Violation as alleged by Schmitman.

56. In the alternative, this count is for declaratory judgment that Aero Cosmetics has committed no Tortious Act, Contractual Breach Or Statutory Violation for which Schmitman possesses a cause of action against Aero Cosmetics

57. In the alternative, this count is for declaratory judgment that Aero Cosmetics has committed no Tortious Act, Contractual Breach Or Statutory Violation for which Schmitman possesses any entitlement to damages or statutory awards, as asserted by Schmitman.

### **PRAYER FOR RELIEF**

58. WHEREFORE, Aero Cosmetics. respectfully prays:

   a. For a decree that Aero Cosmetics has not, in relation to Schmitman violated any provision of CALIFORNIA CIVIL CODE § 3344.

   b. For a decree that Aero Cosmetics has not, in relation to Schmitman violated any provision of the CALIFORNIA CIVIL CODE § 3344 for which Schmitman possesses a cause of action.

    c. For a decree that Aero Cosmetics has not violated any provision of the CALIFORNIA CIVIL CODE § 3344 for which Schmitman possesses a claim to damages, as alleged by Schmitman.

    d. For a decree that Aero Cosmetics has not committed any act of Common Law Misappropriation Of Name And Likeness, as alleged by Schmitman.

    e. For a decree that Aero Cosmetics has not committed any act of Common Law Misappropriation Of Name And Likeness for which Schmitman possesses a cause of action, as asserted by Schmitman.

    f. For a decree that Aero Cosmetics has not committed any act of Common Law Misappropriation Of Name And Likeness for which Schmitman possesses a claim to damages, as asserted by Schmitman.

    g. For a decree that that Aero Cosmetics has not committed any act of Invasion of Privacy – Appropriation Of Identity, as alleged by Schmitman.

    h. For a decree that Aero Cosmetics has not committed any act of Invasion Of Privacy – Appropriation of Identity, as asserted by Schmitman.

    i. For a decree that Aero Cosmetics has not committed any act of Invasion of Privacy – Appropriation Of Identity for which Schmitman possesses a claim to damages, as asserted by Schmitman.

    j. For a decree that that Aero Cosmetics has not committed any act in violation of CAL. BUS. & PROF. CODE § 17200, ET SEQ. as alleged by Schmitman.

    k. For a decree that Aero Cosmetics has not committed any act in violation of CAL. BUS. & PROF. CODE § 17200, ET SEQ. for which Schmitman possesses a cause of action, as asserted by Schmitman.

l. For a decree that Aero Cosmetics has not committed any act in violation of CAL. BUS. & PROF. CODE § 17200, ET SEQ. for which Schmitman possesses a claim to damages, as asserted by Schmitman.

m. For a decree that Aero Cosmetics has not committed any act of Negligent And Intentional Misrepresentation, as alleged by Schmitman.

n. For a decree that Aero Cosmetics has not committed any act of Negligent And Intentional Misrepresentation for which Schmitman possesses a cause of action against Aero Cosmetics, as asserted by Schmitman.

o. For a decree that Aero Cosmetics has not committed any act of Negligent And Intentional Misrepresentation for which Schmitman possesses a claim to damages, as asserted by Schmitman.

p. For a decree that Aero Cosmetics has committed no Tortious Act, Contractual Breach Or Statutory Violation as alleged by Schmitman.

q. For a decree that Aero Cosmetics has committed no Tortious Act, Contractual Breach Or Statutory Violation for which Schmitman possesses a cause of action against Aero Cosmetics, as asserted by Schmitman.

r. For a decree that Aero Cosmetics has committed no Tortious Act, Contractual Breach Or Statutory Violation for which Schmitman possesses a claim to damages, as asserted by Schmitman.

s. For all costs of suit.

t. For such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

/s/ David G. Henry, Sr.
David G. Henry, Sr.
State Bar No. 09479355
dhenry@munckwilson.com
**MUNCK, WILSON & MANDALA, LLP**
510 Austin Avenue, Suite 3100
Waco, Texas 76701
(254) 362-2300
(254) 362-2304

*Attorney for Plaintiff Aero Cosmetics Products, LLC*